**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UFI-VALDOSTA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| LUCIDA CONSTRUCTION | ) | **JURY TRIAL DEMANDED** |
| COMPANY, LLC and | ) | |
| MICHAEL J. ADDISON, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff UFI-Valdosta LLC ("UFI") files this Complaint against Defendants

Lucida Construction Company, LLC ("Lucida") and Michael J. Addison, Individually

("Addison"), and alleges as follows:

### Nature of the Action

1.  This action arises from the construction of UFI's Crunch Fitness facility in
the Valdosta Mall (the "Project").

2.  Lucida was the construction contractor hired by UFI to build the Project.

3.  Addison is Lucida's President/Managing Member.

4.  Lucida failed to complete the Project and failed to pay its subcontractors
and suppliers—resulting in multiple liens on the Project property.

5.  Lucida and Addison executed and submitted to UFI false and fraudulent
Certified Payment Applications and Conditional Releases of Lien.

6.  UFI asserts claims against Lucida for breach of contract, unjust enrichment, fraudulent misrepresentation, conversion, promissory estoppel, money had and received, contractual indemnity, common-law indemnity, disgorgement, slander of title, negligent construction, attorney fees, and punitive damages. UFI asserts claims against Addison for fraudulent misrepresentation, negligent construction, attorney fees, punitive damages, and piercing the corporate veil.

## Parties

7.  Plaintiff UFI is a foreign limited liability company organized and existing under the laws of the State of Texas. UFI has one member, Team Roldan, CF LLC, which itself has two members, Team Roldan, LLC and Carolina Grace Investments LLC. Team Roldan, LLC has two members, Jorge Roldan and Christina Roldan, who are both citizens of Oklahoma. Carolina Grace Investments LLC has one member, Christopher Todd Pietsch, who is a citizen of Texas. UFI is authorized to transact business in Georgia.

8.  Defendant Lucida is a foreign limited liability company organized and existing under the laws of the State of Alabama. Lucida has two members: Michael J. Addison, who is a citizen of Alabama, and Lorie G. Addison, who is also a citizen of Alabama. Lucida can be served through its registered agent, Registered Agents Inc., 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia 30076.

9.  Defendant Michael J. Addison is a natural person and a citizen of Alabama.

## Jurisdiction and Venue

10.  This Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, excluding interest and costs.

11.  This Court has personal jurisdiction over Lucida because Lucida conducted business in this District on the Valdosta Mall construction project, which is at the center of this suit. This Court has personal jurisdiction over Addison because he is the President/Managing Member of Lucida, he was personally on the Valdosta Mall construction site, and he has purposeful minimum contacts with this Court as to render the exercise of jurisdiction over Addison by this Court permissible under traditional notions of fair play and substantial justice. The exercise of jurisdiction over the parties will not violate due process because UFI's causes of action grew out of the defendants' purposeful contact with Georgia and the defendants reasonably should have anticipated defending suit in this Court.

12.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District and the real property where the construction project was located, which is the subject of this action, is in this District. Venue is proper in this Division under Local Rule 3.4 because this is the Division in which the claims arose.

### General Allegations

13.  UFI and Lucida entered into standard AIA Document A105 – 2017 construction contract ("Contract"). A true and correct copy of the Contract is attached as **Exhibit A** and incorporated herein by reference.

14.  Under the terms of the Contract, UFI hired Lucida to be the construction contractor on the following project (the "Project"): Crunch Fitness (Valdosta), 1709 Norman Dr. Suite A-1, Valdosta, GA, renovation to existing shell (Sears space in Valdosta Mall) for the buildout of a Crunch Fitness facility.

15.  The original Contract Sum was $1,342,250.00.

16.  UFI paid Lucida $1,602,059.32.

17.  Time was "of the essence" in the performance of the Contract.

18.  Lucida failed to complete the Project on schedule.

19.  Lucida never completed the Project.

20.  Lucida failed to pay its subcontractors and suppliers on the Project.

### CAUSES OF ACTION

### Count One – Breach of Contract
### Against Lucida Construction Company, LLC

21.  UFI incorporates by reference paragraphs 1–20 of this Complaint as if fully set forth herein.

22.  UFI and Lucida entered into a valid and enforceable Contract dated September 4, 2020. **Exhibit A**.

23.  UFI faithfully, properly, satisfactorily, and fully performed the Contract.

24. Lucida breached the Contract by failing to complete the Project on schedule.

25. Lucida breached the Contract by failing to ever complete the Project.

26. Lucida breached the Contract by failing to make timely payments for all labor, materials, equipment, or services furnished to the Project.

27. Lucida breached the Contract by failing to pay its subcontractors and suppliers on the Project.

28. Lucida breached the Contract by allowing liens to be filed on the Project property.

29. Lucida breached the Contract by neglecting to carry out the Work in accordance with the Contract Documents.

30. Lucida breached the Contract by failing to carry out its Work on the Project with diligence and promptness.

31. Lucida breached the Contract by failing to complete or correct nonconforming work.

32. Lucida breached the Contract by performing defective Work.

33. Lucida breached the Contract by failing to provide an Unconditional Lien Release to support all funds previously disbursed and properly paid for work performed.

34. Lucida breached the Contract by failing and refusing to provide UFI with releases and waivers of liens from Lucida's subcontractors and suppliers.

35.  Lucida breached the Contract by failing and refusing to provide data establishing payment or satisfaction of obligations, such as receipts, claims, security interests, or encumbrances arising out of the Contract.

36.  The Contract contains an implied covenant of good faith and fair dealing.

37.  Lucida breached the covenant of good faith and fair dealing by, among other things, failing and refusing to pay its subcontractors and suppliers, failing to provide the requested list of subcontractors and suppliers that had not been paid by Lucida with the alleged amounts due, failing to provide releases and waivers of liens, and failing to provide written warranties.

38.  UFI has suffered damages, in an amount to be determined at trial, as a direct and proximate result of Lucida's Contract breaches.

39.  All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Two – Unjust Enrichment
### Against Lucida Construction Company, LLC

40.  UFI incorporates by reference paragraphs 1–20 of this Complaint as if fully set forth herein.

41.  Alternatively, UFI is entitled to repayment of the money it paid to Lucida for Lucida's subcontractors and suppliers on the Project under a theory of unjust enrichment.

42. UFI brings this unjust enrichment claim in the alternative if it were to be determined by the Court that there is no legal contract between UFI and Lucida on the Project.

43. UFI conferred a benefit on Lucida by paying Lucida money that was to be used by Lucida to pay its subcontractors and suppliers on the Project.

44. Lucida had knowledge of receiving the benefit of the money from UFI and knew that the money was to be used by Lucida to pay its subcontractors and suppliers on the Project.

45. Lucida accepted and retained the benefit of the money that was paid by UFI to Lucida.

46. Because the money was paid by UFI to Lucida for Lucida to pay its subcontractors and suppliers for labor, materials, equipment, or services furnished to the Project, the circumstances are such that it would be inequitable for Lucida to retain the money without paying its subcontractors or suppliers.

47. Lucida reasonably understood that UFI would not have paid Lucida for Lucida's subcontractors and suppliers without an expectation that Lucida would have passed the money along to those subcontractors and suppliers.

48. UFI is entitled to repayment from Lucida of the money UFI paid to Lucida for Lucida's subcontractors and suppliers on the Project.

49. Lucida has wrongfully failed and refused to repay UFI the reasonable value of the money that UFI paid to Lucida for Lucida to use to pay its subcontractors and suppliers on the Project.

50. Lucida's acceptance and retention of UFI's money, and its wrongful failure and refusal to repay UFI, has unjustly enriched Lucida at UFI's expense and Lucida is required to make restitution to UFI in an amount to be determined at trial.

51. All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

**Count Three – Fraudulent Misrepresentation**
**Against Both Defendants**
**Lucida Construction Company, LLC and**
**Michael J. Addison**

52. UFI incorporates by reference paragraphs 1–20 of this Complaint as if fully set forth herein.

53. On or about November 24, 2020, Lucida executed and submitted its Application and Certification for Payment, Application No. 3 ("Pay App. 3"), to UFI, seeking payment of $479,002.11 for labor, materials, equipment, or services furnished to the Project. Lucida's Pay App. 3 was signed by Michael J. Addison.

54. As part of its Pay App. 3, Lucida executed and submitted a signed, notarized, subscribed, and sworn Conditional Release of Lien, executed by Michael J. Addison on November 24, 2020.

55. UFI paid Lucida for Pay App. 3.

56. On or about December 15, 2020, Lucida executed and submitted its Application and Certification for Payment, Application No. 4 ("Pay App. 4"), to UFI,

seeking payment of $423,846.46 for labor, materials, equipment, or services furnished to the Project. Lucida's Pay App. 4 was signed by Michael J. Addison.

57.  As part of its Pay App. 4, Lucida executed and submitted a signed, notarized, subscribed, and sworn Conditional Release of Lien, executed by Michael J. Addison on December 15, 2020.

58.  UFI paid Lucida for Pay App. 4.

59.  On or about February 11, 2021, Lucida executed and submitted its Application and Certification for Payment, Application No. 5 ("Pay App. 5"), to UFI, seeking payment of $442,563.69 for labor, materials, equipment, or services furnished to the Project. Lucida's Pay App. 5 was signed by Michael J. Addison.

60.  As part of its Pay App. 5, Lucida executed and submitted a signed, notarized, subscribed, and sworn Conditional Release of Lien, executed by Michael J. Addison on February 11, 2021.

61.  UFI paid Lucida for Pay App. 5.

62.  On or about April 22, 2021, Lucida executed and submitted its Application and Certification for Payment, Application No. 6 - FINAL ("Pay App. 6"), to UFI, seeking payment of $448,402.95 for labor, materials, equipment, or services furnished to the Project. Lucida's Pay App. 6 was signed by Michael J. Addison.

63.  As part of its Pay App. 6, Lucida executed and submitted a signed, notarized, subscribed, and sworn Conditional Release of Lien, executed by Michael J. Addison on February 11, 2021.

64. UFI has not paid Lucida for Pay App. 6 because the alleged current payment due is not due and payable under the terms of the Contract.

65. In Pay App. 3, Pay App. 4, Pay App. 5, and Pay App. 6, Lucida made the following sworn representations: "The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due." The sworn representations were made by Lucida's President/Managing Member, Michael J. Addison.

66. Lucida and Addison's representations in its certified Pay Applications 3–6 (as detailed above in paragraph 65) were false because Lucida failed to pay its subcontractors or suppliers from the payments Lucida received from UFI.

67. Lucida and Addison's false representations in its Pay Applications 3–6 concerned material facts that all amounts had been paid by Lucida and the facts were of such a nature as to induce action on the part of UFI to ensure that payments were made by UFI to Lucida.

68. Lucida and Addison knew the representations were false at the time they made them because Lucida and Addison knew that Lucida had not paid its subcontractors or suppliers.

69. Lucida and Addison made the representations with the intent and purpose to induce UFI to pay Lucida.

70. UFI relied on Lucida and Addison's representations in making payments to Lucida and that reliance was justifiable because it is standard in the construction industry to rely on certified payment applications.

71. Lucida and Addison's misrepresentations have resulted in damages to UFI because subcontractors and suppliers have not been paid and there are liens on the Project.

72. Lucida, in its Conditional Release of Lien paragraph three, attached to and submitted with its Pay Apps. 3–6, made the following sworn representations: "The undersigned further represents that it has paid for all labor, materials, equipment or services furnished to the Project by the undersigned prior to the date stated in paragraph one, above, and that it shall, within ten days after receipt of the payment referred to in paragraph two, above, pay for all labor, materials, equipment or services furnished to the Project by the undersigned through the effective date of the current application for payment." The sworn representations in the Conditional Releases of Lien were made by Lucida's President/Managing Member, Michael J. Addison.

73. Lucida and Addison's representations in its Conditional Releases of Lien (as detailed above in paragraph 72) were false because, despite the fact that Lucida was paid by UFI, Lucida failed to pay for all labor, material, equipment, or services furnished to the Project.

74. Lucida and Addison's false representations in the Conditional Releases of Lien concerned material facts that all amounts had been paid by Lucida and the facts were of such a nature to induce action on the part of UFI to ensure that payments were made by UFI to Lucida.

75. Lucida and Addison knew the representations in the Conditional Releases of Lien were false at the time they made them because they knew that Lucida had not paid its subcontractors or suppliers.

76. Lucida and Addison made the representations in the Conditional Releases of Lien with the intent and purpose to induce UFI to pay Lucida.

77. UFI relied on Lucida and Addison's representations in making payments to Lucida and that reliance was justifiable because it is standard in the construction industry to rely on Conditional Releases of Lien when making payments.

78. Lucida and Addison's misrepresentations in the Conditional Releases of Lien have resulted in damages to UFI because subcontractors and suppliers have not been paid and there are liens on the Project.

79. All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

## Count Four – Conversion
## Against Lucida Construction Company, LLC

80. UFI incorporates by reference paragraphs 1–20 and 52–79 of this Complaint as if fully set forth herein

81. Lucida was paid amounts on the Project that Lucida wrongfully took, converted, and detained.

82. Specifically, Lucida wrongfully took, converted, and detained specifically identifiable money belonging to UFI.

83. UFI had the right of possession of its money for the Project.

84. Lucida wrongfully possesses UFI's money for the Project.

85. UFI has demanded that Lucida return UFI's money.

86. Lucida has failed and refused to return UFI's money.

87. The money comprises a specific, separate, identifiable fund that was earmarked for the Project.

88. The money at issue is capable of identification through Lucida's certified pay applications and the exact payments made by UFI to Lucida for those pay applications.

89. UFI suffered, and continues to suffer, damages as a result of Lucida's wrongful taking and detention of UFI's money.

90. All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Five – Promissory Estoppel
### Against Lucida Construction Company, LLC

91. UFI incorporates by reference paragraphs 1–20 and 52–79 of this Complaint as if fully set forth herein.

92. Lucida promised in its Certified Payment Applications, and its Conditional Releases of Lien attached to the payment applications, that it had paid and would pay for all labor, materials, equipment, or services from payments that it received from UFI.

93. Lucia made its promise with the reasonable expectation that UFI would rely on it and that Lucida's promise would induce UFI to make progress payments to Lucida on the Project.

94. UFI reasonably relied and acted on Lucida's promise and UFI paid Lucida for Lucida's Certified Payment Applications 1–5.

95. Lucida's payment promise is binding because injustice can be avoided only by enforcement of the promise.

96. UFI has been injured by its reliance on Lucida's promise to pay because subcontractors and suppliers on the Project were not paid by Lucida and liens have been placed on the Project.

97. All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Six – Money Had and Received
### Against Lucida Construction Company, LLC

98. UFI incorporates by reference paragraphs 1–20 and 52–79 of this Complaint as if fully set forth herein.

99.  Lucida holds money that in equity and good conscience belongs to UFI and was improperly paid to Lucida because of Lucida's misrepresentations in its payment applications.

100.   Lucida initially caused the payments to be made by submitting its payment applications.

101.   Lucida must return the money because it would be unjust to allow Lucida to keep it.

102.   UFI demanded repayment from Lucida.

103.   Lucida has refused to make repayment to UFI.

104.   Lucida is liable to UFI under the law of restitution for money had and received in an amount to be proven at trial.

105.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Seven – Contractual Indemnity
### Against Lucida Construction Company, LLC

106.   UFI incorporates by reference paragraphs 1–39 and 52–79 of this Complaint as if fully set forth herein.

107.   Lucida subcontracted with various subcontractors to provide labor, services, and materials on the Project.

108.   Lucida executed Conditional Releases of Lien that it provided to UFI in exchange for payment.

109.   In Lucida's Conditional Releases of Lien, Lucida stated that it had paid for all labor, materials, equipment, or services furnished to the Project.

110.   In paragraph three of the Conditional Release of Lien, Lucida specifically agreed to indemnify UFI from any losses, costs, or expenses related to any claim or lien, stating:

> [Lucida] further agrees to indemnify, hold harmless and defend the Owner … from any losses, cost or expense, including counsel fees, arising from liens or other claims of any kind asserted by any laborer, supplier, or subcontractor to the undersigned [Lucida] for labor, materials, equipment or services for which the undersigned has represented above that it has been paid or that it will pay ….

The Conditional Release of Lien is unambiguous and in accordance with industry standards.

111.   Lucida had notice of this indemnification obligation when Lucida knowingly signed the Conditional Releases of Lien.

112.   At least four of Lucida's subcontractors have filed liens on the Project because Lucida failed to pay them for labor, materials, equipment, or services provided on the Project.

113.   Despite UFI having already paid Lucida for completed work, Lucida failed to make payment of all sums that are owed by Lucida to its subcontractors.

114.   UFI is entitled to indemnification from Lucida for Lucida's failure to pay its subcontractors on the Project.

115.   UFI has a contractual right to be indemnified by Lucida for any and all damages UFI suffers because of Lucida's failure to make payments, as well as for any and all costs and expenses, including but not limited to attorney fees incurred.

- 16 -

116.   UFI is entitled to recover costs and attorney fees incurred under the express terms of Lucida's Conditional Releases of lien.

117.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

## Count Eight – Common-Law Indemnity
## Against Lucida Construction Company, LLC

118.   UFI incorporates by reference paragraphs 1–39 and 52–79 of this Complaint as if fully set forth herein.

119.   Lucida's subcontractors have filed liens on the Project because of Lucida's failure to pay the subcontractors for work, services, and materials.

120.   Despite UFI's payments to Lucida for completed work, Lucida failed to make payment of all sums that are owed and past due to its subcontractors.

121.   Pursuant to the terms of the agreement entered into by Lucida on the Project, the loss is one that UFI is not liable for.

122.   Any obligation on UFI to compensate Lucida's subcontractors for losses should be discharged by Lucida.

123.   Pursuant to its common-law right of indemnification, UFI is entitled to indemnification from Lucida for all losses and damages suffered by UFI by reason of Lucida's failure to make payments for all sums that are owed and past due to Lucida's subcontractors on the Project.

124.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Nine – Equitable Remedy of Disgorgement
### Against Lucida Construction Company, LLC

125.   UFI incorporates by reference paragraphs 1–39 and 52–79 of this Complaint as if fully set forth herein.

126.   Lucida received ill-gotten gains or profits because of its wrongful conduct of submitting false Certified Payment Applications and false Conditional Releases of Lien with its payment applications.

127.   UFI is entitled to the equitable remedy of disgorgement to wrest the ill-gotten gains from Lucida to prevent Lucida from enriching itself by its wrongs.

128.   UFI has been damaged by Lucida's wrongful acts in an amount to be proven at trial.

129.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Ten – Slander of Title under O.C.G.A. § 51-9-11
### Against Lucida Construction Company, LLC

130.   UFI incorporates by reference paragraphs 1–39 and 52–79 of this Complaint as if fully set forth herein.

131.   On or about June 15, 2021, Lucida filed a lien on the Project property in the amount of $448,402.95.

132. That amount, $448,402.95, is not due and owing under the terms of the Contract and Lucida has uttered and published libelous or slanderous words which falsely or maliciously impugn UFI's property interest under O.C.G.A. § 51-9-11.

133. Lucida's slanderous words are false and malicious.

134. UFI has sustained special damages in an amount to be proven at trial with specific evidence of special damages.

135. UFI's special damages caused by Lucida's lien include UFI's inability to get further bank construction draws and UFI's alleged default of its lease agreement.

136. UFI possessed an interest in the property slandered.

137. All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Eleven – Negligent Construction
### Against Both Defendants
### Lucida Construction Company, LLC and
### Michael J. Addison

138. UFI incorporates by reference paragraphs 1–20 of this Complaint as if fully set forth herein.

139. Implied in every contract by building contractors is the obligation to perform in a fit and workmanlike manner.

140. This contract duty is breached when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like

surrounding circumstances as is ordinarily employed by others in the same profession.

141.    Lucida and Addison had a duty implied by law to perform the work on the Project in accordance with industry standards.

142.    The law imposes upon Lucida and Addison the obligation to exercise a reasonable degree of care, skill, and ability that, under similar conditions, is ordinarily employed by other building contractors.

143.    Lucida and Addison failed to exercise a reasonable degree of care, skill, and ability in its construction and management of the Project.

144.    Lucida and Addison acted negligently and breached their legal duties by improperly performing on the Project.

145.    Lucida and Addison breached their duties by performing defective construction work.

146.    As one example of the defective construction work on the Project, the handicap bench in the handicap shower fell off the wall:



147.   UFI has suffered damages, in an amount to be determined at trial, because of Lucida and Addison's negligent construction on the Project.

148.   Lucida and Addison's breach of their duties was the direct and proximate cause of damages to UFI on the Project.

149.   It was reasonably foreseeable to Lucida and Addison that UFI would be damaged by negligent construction on the Project.

150.   Addison, Lucida's President/Managing Member, is personally liable for negligent construction because he took part in the construction management and supervision, specifically directed the construction, or participated in the construction.

151.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Twelve – Attorney Fees and Expenses of Litigation
### Under O.C.G.A. § 13-6-11
### Against Both Defendants
### Lucida Construction Company, LLC and
### Michael J. Addison

152.   UFI incorporates by reference paragraphs 1–20, 52–79, and 138–151 of this Complaint as if fully set forth herein.

153.   Lucida and Addison, by refusing to complete the Project, refusing to pay subcontractors, refusing to repay UFI, and refusing to pay or compensate UFI for its damages caused by Lucida's and Addison's breaches and negligence, have acted in bad faith, been stubbornly litigious, or caused UFI unnecessary trouble and expense.

154.   Lucida and Addison were expressly warned in writing not to file a false lien and not to be stubbornly litigious. Lucida and Addison ignored those warnings and have caused UFI unnecessary trouble and expense.

155.   Under O.C.G.A. § 13-6-11, UFI is entitled to recover its reasonable attorney fees and other expenses of litigation from Lucida and Addison.

156.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Thirteen – Punitive Damages
### Under O.C.G.A. § 51-12-5.1
### Against Both Defendants
### Lucida Construction Company, LLC and
### Michael J. Addison

157.   UFI incorporates by reference paragraphs 1–20, 52–79, and 138–151 of this Complaint as if fully set forth herein.

158.   The fraud and negligence of Lucida and Addison as described above, clearly and convincingly demonstrate willful misconduct, malice, wantonness, oppression, and an entire want of care giving rise to the presumption of conscious indifference to the consequences of their actions which resulted in substantial damages to UFI, thus warranting an award of punitive damages against Lucida and Addison under O.C.G.A. § 51-12-5.1.

159.   An award of punitive damages against Lucida and Addison is necessary to punish and penalize them and to prevent them from engaging in similar conduct in the future; the amount of punitive damages to be awarded is to be determined by the enlightened consciousness of the jury.

160.   All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

### Count Fourteen – Pierce the Corporate Veil Against Michael J. Addison Regarding Lucida Construction Company, LLC

161.   UFI incorporates by reference paragraphs 1–20 and 52–79 of this Complaint as if fully set forth herein.

162.   Lucida was Addison's alter ego because Lucida was wholly under the domination and control of Addison, and recognition of Lucida's existence will result in injustice and inequitable consequences.

163.   Addison completely dominated and controlled the finances, policies, and business practices of Lucida.

164.   Addison used domination and control to avoid paying subcontractors on the Project.

165.   Addison's domination and control caused UFI's damages.

166.   Lucida was a mere instrumentality for the transaction of Addison's own affairs.

167.   There is such a unity of interest and ownership that the separate personalities of Lucida and Addison no longer exist.

168.   Under the circumstances, failure to pierce the corporate veil would promote injustice or protect fraud.

169.   Failure to hold Addison personally responsible for Lucida's indebtedness to UFI would lead to fraud or injustice.

170.    On information and belief, Addison and Lucida comingled funds.

171.    On information and belief, Lucida observed no corporate formalities.

172.    Applying the concept of piercing the corporate veil is appropriate here because Addison has extended his privilege in the use of a limited liability company in order to defeat justice, perpetuate fraud, or to evade contractual or tort liability.

173.    On information and belief, Lucida has inadequate capital to pay its obligations to its subcontractors and UFI.

174.    On information and belief, Lucida has insufficient assets to satisfy UFI's claims.

175.    Based on the foregoing, UFI is equitably entitled to pierce the corporate veil of Lucida and hold Addison personally liable for the debts, liabilities, and obligations owed by Lucida to UFI.

176.    All conditions precedent to the bringing of this claim and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

## Prayer for Relief

**WHEREFORE**, UFI respectfully requests the following relief:

a.    Enter judgment in UFI's favor against Lucida and Addison on all causes of action alleged herein;

b.    Award UFI its actual, consequential, compensatory, and/or special damages in amounts to be proven at trial;

c.      Enter an award of punitive damages in favor of UFI on Count Thirteen against both defendants in an amount to be determined by the enlightened consciousness of the jury;

d.      Enter an award in favor of UFI and against Addison on UFI's Count Fourteen – Pierce the Corporate Veil;

e.      Award UFI costs of suit incurred herein;

f.      Award UFI prejudgment and post-judgment interest;

g.      Award UFI its attorney fees, costs, and expenses; and

h.      Award UFI such other and further relief as the Court deems just and proper.

### Jury Demand

UFI demands a jury trial for all claims and issues so triable.

Dated: July 16, 2021           Respectfully submitted,

/s/ John M. Mastin, Jr.
John M. Mastin, Jr.
Georgia Bar No. 300123
Jeanne M. Harrison
Georgia Bar No. 296449
**SMITH, CURRIE & HANCOCK LLP**
245 Peachtree Center Avenue NE
Suite 2700, Marquis One Tower
Atlanta, GA 30303-1227
(404) 521-3800
jmmastin@smithcurrie.com
jmharrison@smithcurrie.com

*Attorneys for Plaintiff*
*UFI-Valdosta LLC*